**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES LEE WELLS,

      Plaintiff-Appellant,

v.

THE CITY AND COUNTY OF
DENVER; DENVER POLICE
DEPARTMENT; CHRIS CAMERON;
JAMES MONEGHAN; ED DAVID,
and John Does 1 through 10, all
Denver Police Officers, whose
identities are not known to Plaintiff,

      Defendants-Appellees.

No. 03-1360
(D.C. No. 02-MK-1367-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

James Lee Wells appeals from the grant of     summary judgment   to defendant s on state tort and federal civil rights claims following a traffic stop which resulted in his arrest and detention.  We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291.    Appellant challenges the    district court  's ruling only as to certain claims against the individual defendants:  1) state tort claims of false arrest and assault and battery and 2) civil rights claims, brought pursuant to 42 U.S.C. § 1983, characterized by the district court as false arrest and excessive force.  We review the district court's     grant of summary judgment    *de novo*, applying the same legal standards as the     district court .  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*    , 165 F.3d 1321, 1326 (10th Cir. 1999).

The district court   granted summary judgment on the assault and battery claim and granted qualified immunity to the individual defendants on the excessive force claim, based on its conclusion that appellant had neither argued nor presented factual evidence about whether the force used in effectuating his arrest was reasonable.  We agree with the     district court  's reasoning.  Despite appellant's appellate arguments that evidence which would support these claims existed  in the record, the district court is not required to either manufacture legal

argument or sift through the record to find factual support for potential claims. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1198-99 (10th Cir. 2000). Summary judgment was properly granted on these claims.

The district court rejected appellant's false arrest claims because it determined there was probable cause to arrest, which conclusion precludes a false arrest claim under both Colorado and federal constitutional law. *See Enright v. Groves*, 560 P.2d 851, 853 (Colo. Ct. App. 1977); *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (stating elements of a common law claim are starting point for civil rights violations based on state law tort). As he did before the district court, appellant contends probable cause was lacking for his arrest. But, in support of this position, he raises three arguments never presented to the district court. Absent unusual circumstances not present here, we decline to address theories raised for the first time on appeal. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.), *op. amended on other grounds*, 103 F.3d 80 (10th Cir. 1996).

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge